Jeanne L. Zimmer (SBN: 123321)
Zimmerj@cmtlaw.com
Tamar Gabriel (SBN: 266860)
Gabrielt@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
AMERICAN CAPITAL ENTERPRISES, INC.
and RONALD G. MATHESON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON THOMAS, an individual, | CASE NO. ED CV 13-01586 VAP (SPx) |
| Plaintiff, | |
| vs. | |
| AMERICAN CAPITAL ENTERPRISES, INC.; RONALD G. MATHESON, as an Individual. | **DEFENDANTS AMERICAN CAPITAL ENTERPRISES, INC. AND RONALD MATHESON'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |

**TO THE COURT, PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants AMERICAN CAPITAL ENTERPRISES, INC. ("ACE") and

RONALD G. MATHESON (collectively referred to as "Defendants"), by and

through their counsel of record, and hereby answer the Verified Complaint of

Plaintiff DEON THOMAS ("Plaintiff") as follows:

///

{00009727.DOC;1}                              1

# INTRODUCTION

1.     Answering Paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq., and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681 et seq.; however; Defendants deny any violation thereof and Defendants deny any wrongdoing whatsoever.  Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.     Answering Paragraph 2 of Plaintiff's Complaint, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendants.  To the extent that said paragraph is deemed to contain any affirmative allegations against Defendants, Defendants deny these allegations.

3.     Answering Paragraph 3 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.

4.     Answering Paragraph 4 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.

5.     Paragraph 5 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendants deny same.

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

6.     Paragraph 6 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendants deny same.

## JURISDICTION AND VENUE

7.     Answering Paragraph 7 of Plaintiff's Complaint, Defendants admit that this Court has subject matter jurisdiction in this case based on Plaintiff's federal claims but deny violating any provision of any statutes and Defendants deny any wrongdoing whatsoever.  Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.     Paragraph 8 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendants deny same.

9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendants lack sufficient information to either admit or deny the allegations in said paragraph.

10.    Paragraph 10 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendants deny same.

## PARTIES

11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendants admit that the Plaintiff in this lawsuit is Deon Thomas.  However, Defendants are without knowledge to form a belief as to the truth of the allegations as to

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

Plaintiff's residence and thereby denies this allegation at this time.  Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.   Answering Paragraph 12 of Plaintiff's Complaint, Defendants admit that American Capital Enterprises, Inc. ("ACE") is a Defendant in this lawsuit with an office at 27919 Jefferson Ave., Ste. 206, Temecula, CA 92590. Defendants admit that under certain circumstances, Defendants may be considered a "debt collector" as that term is defined in the FDCPA and the Rosenthal Act, however; Defendants deny that ACE acted as a "debt collector" in this case and on that basis deny this allegations in said paragraph, which also constitute a legal conclusion, are vague, ambiguous, and lack foundation.  Except as specifically admitted herein, Defendants deny the rest of the allegations in said paragraph.

13.   Answering Paragraph 13 of Plaintiff's Complaint, Defendants admit that Ronald G. Matheson is an individual, Principal of ACE, and a Defendant in this lawsuit.  Defendants deny the rest of the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute legal conclusions. Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA because the debt does not arise from a transaction involving the purchase of property or services for personal, family or household

purposes. *Betts v. Equifax Credit Info. Servs.*, 245 F. Supp. 2d 1130, 1133-1134, 2003 U.S. Dist. LEXIS 7339 (W.D. Wash. 2003); *Gulley v. Markoff & Krasny*, 664 F.3d 1073 (7th Cir. 2011). Therefore, Plaintiff's Complaint fails to state a cause of action under the FDCPA.

14.   Answering Paragraph 14 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph. Also, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

## STATEMENT OF FACTS

15.   Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that Plaintiff is a natural person but deny the remaining allegations in said paragraph.

16.   Answering Paragraph 16 of Plaintiff's Complaint, Defendants deny each and every allegation in said paragraph. The subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA because the debt does not arise from a transaction involving the purchase of property or services for personal, family or household purposes. *Betts, supra; Gulley, supra.*

17.   Answering Paragraph 17 of Plaintiff's Complaint, Defendants admit that under certain circumstances, Defendants may be considered a "debt collector" as that term is defined in the FDCPA and the Rosenthal Act, however;

Defendants deny that they acted as a "debt collector" in this case because the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

18.   Answering Paragraph 18 of Plaintiff's Complaint, Defendants admit the allegations in said paragraph.

19.   Answering Paragraph 19 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are vague, ambiguous, and lack foundation.

20.   Answering Paragraph 20 of Plaintiff's Complaint, Defendants admit that under certain circumstances, Defendants may be considered a "debt collector" as that term is defined in the FDCPA and the Rosenthal Act, however; Defendants deny that they acted as a "debt collector" in this case because the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

21.   Answering Paragraph 21 of Plaintiff's Complaint, Defendants lack sufficient information to either admit or deny the allegations in said paragraph, and on that basis, Defendants deny the allegations contained therein at the present time.   To the extent that the allegations in said paragraph pertain to the

contents of the document Plaintiff alleges was mailed and dated September 26, 2011, Defendants assert that the document may speak for itself.

22.   Answering Paragraph 22 of Plaintiff's Complaint, Defendants admit that Plaintiff did not have a credit transaction with ACE because the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA and does not arise from a transaction involving the purchase of property or services for personal, family or household purposes. *Betts, supra; Gulley, supra.* Except as specifically admitted herein, Defendants deny the remaining allegations in said paragraph.  To the extent that the allegations in said paragraph pertain to the contents of the document Plaintiff alleges was mailed and dated September 26, 2011, Defendants assert that the document may speak for itself.

23.   Answering Paragraph 23 of Plaintiff's Complaint, Defendants lack sufficient information to either admit or deny the allegations in said paragraph, and on that basis, Defendants deny the allegations contained therein at the present time.  Furthermore, Defendants assert that Plaintiff's alleged correspondence speaks for itself.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*  Consequently, Plaintiff's dispute of the validity of the debt or

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

request for validation is irrelevant as the FDCPA does not govern the subject debt.

24.    Answering Paragraph 24 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  To the extent the allegations in said paragraph pertain to the contents of a document, Defendant asserts that the documents may speak for themselves.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.* Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.

25.    Answering Paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  Furthermore, Defendants assert that the alleged correspondence dated October 31, 2011 may speak for itself.

26.    Answering Paragraph 26 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*  Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

27.     Answering Paragraph 27 of Plaintiff's Complaint, Defendants lack sufficient information to either admit or deny the allegations in said paragraph, which are vague, ambiguous, and lack foundation.  Furthermore, Defendants assert that Plaintiff's alleged correspondence dated November 5, 2011 speaks for itself.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.* Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.

28.     Answering Paragraph 28 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  Furthermore, Defendants assert that the alleged correspondence from Defendant ACE dated November 29, 2011 speaks for itself and included verification and validation of the subject even though the subject debt is not governed by the FDCPA.

29.     Answering Paragraph 29 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

30.     Answering Paragraph 30 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are vague, ambiguous, lack foundation,

and constitute a legal conclusion.  Furthermore, Defendants assert that the alleged "cover letter" regarding a November 29, 2011 correspondence from Defendant speaks for itself.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

31.   Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA.  *Betts, supra; Gulley, supra.*

32.   Answering Paragraph 32 of Plaintiff's Complaint, Defendants lack sufficient information to either admit or deny the allegations in said paragraph, and on that basis, Defendants deny the allegations contained therein at the present time.  Furthermore, Defendants assert that the Plaintiff's alleged letter dated December 5, 2011 speaks for itself.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*  Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

33.   Answering Paragraph 33 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.

34.   Answering Paragraph 34 of Plaintiff's Complaint, Defendants lack sufficient information to either admit or deny the allegations in said paragraph, and on that basis, Defendants deny the allegations contained therein at the present time.

35.   Answering Paragraph 35 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

36.   Answering Paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

37.   Answering Paragraph 37 of Plaintiff's Complaint, Defendants lack sufficient information to either admit or deny the allegations in said paragraph, and on that basis, Defendants deny the allegations contained therein.

38.   Answering Paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

39.    Answering Paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

40.    Answering Paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

41.    Answering Paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

42.    Answering Paragraph 42 of Plaintiff's Complaint, Defendants lack sufficient information to either admit or deny the allegations contained therein, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.  Furthermore, Defendants assert that Plaintiff's alleged March 19, 2013 "dispute notice" speaks for itself.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*  Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.

///

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

43.   Answering Paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, and lack foundation.

44.   Answering Paragraph 44 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.  Furthermore, Defendants assert that the alleged "notice" sent by Defendant Matheson on August 19, 2013 speaks for itself.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.* Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.

45.   Answering Paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.  Furthermore, Defendants assert that the alleged "notice" sent by Defendant Matheson speaks for itself. Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

46.   Answering Paragraph 46 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, and lack

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

foundation.  Defendants admit that Plaintiff did not have a credit transaction with ACE because the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA and does not arise from a transaction involving the purchase of property or services for personal, family or household purposes. *Betts, supra; Gulley, supra.*  Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.  Except as specifically admitted herein, Defendants deny the remaining allegations in said paragraph.

47.   Answering Paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, and lack foundation.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.* Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.

48.   Answering Paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, and lack foundation.

///

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

49.    Answering Paragraph 49 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

50.    Answering Paragraph 50 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

51.    Answering Paragraph 51 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph. Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*  Consequently, Plaintiff's dispute of the validity of the debt or request for validation is irrelevant as the FDCPA does not govern the subject debt.

52.    Answering Paragraph 52 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

53.    Paragraph 53 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendant denies same.

///

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

54.    Answering Paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

55.    Answering Paragraph 55 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

56.    Answering Paragraph 56 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

57.    Answering Paragraph 57 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

58.    Answering Paragraph 58 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

59.    Answering Paragraph 59 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

60.     Answering Paragraph 60 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

61.     Answering Paragraph 61 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

62.     Answering Paragraph 62 of Plaintiff's Complaint, Defendants admit that any alleged violations of the FDCPA that may have occurred prior to one year from the date of filing this Complaint are time-barred.  Except as specifically admitted herein, Defendants deny the rest of the allegations in said paragraph.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*  Therefore, Defendants could not possibly have committed any violations of the FDCPA at any point in time regarding the subject debt.

63.     Answering Paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

64.     Answering Paragraph 64 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

65.     Answering Paragraph 65 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph and subparagraphs (a)-(c), which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

66.     Answering Paragraph 66 of Plaintiff's Complaint, Defendants deny each and every allegation in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

67.     Answering Paragraph 67 of Plaintiff's Complaint, Defendants deny each and every allegation and request for damages in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

## COUNT I

68.     Answering Paragraph 68 of Plaintiff's Complaint, Defendants incorporate by reference its responses set forth in paragraphs 1-67 above.

69.     Answering Paragraph 69 of Plaintiff's Complaint, Defendants deny each and every allegation in said paragraph.

70.     Answering Paragraph 70 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.

71.     Answering Paragraph 71 of Plaintiff's Complaint, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative

allegations against Defendants.  To the extent that said paragraph is deemed to contain any affirmative allegations against Defendants, Defendants deny them.

72.   Answering Paragraph 72 of Plaintiff's Complaint, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendants.  To the extent that said paragraph is deemed to contain any affirmative allegations against Defendants, Defendants deny them.

73.   Answering Paragraph 73 of Plaintiff's Complaint, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendants.  To the extent that said paragraph is deemed to contain any affirmative allegations against Defendants, Defendants deny them.

74.   Answering Paragraph 74 of Plaintiff's Complaint, Defendants admit the allegations in said paragraph.

75.   Answering Paragraph 75 of Plaintiff's Complaint, Defendants admit that Plaintiff has never had any business dealings with Defendants as the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration for which no transaction or business relationship exists with Defendants.  Except as specifically admitted herein, Defendant deny the remaining allegations in said paragraph.

76.   Answering Paragraph 76 of Plaintiff's Complaint, Defendants deny each and every allegation in said paragraph.

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

77.     Answering Paragraph 77 of Plaintiff's Complaint, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore; Defendants deny the same at the present time.

78.     Answering Paragraph 75 of Plaintiff's Complaint, Defendants admit that Plaintiff has never had any business dealings with Defendants as the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration for which no transaction or business relationship exists.  Except as specifically admitted herein, Defendant deny the remaining allegations in said paragraph.

79.     Answering Paragraph 79 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which also constitute a legal conclusion and lack foundation.

80.     Answering Paragraph 80 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph, which also constitute a legal conclusion and lack foundation.

81.     Answering Paragraph 81 of Plaintiff's Complaint, Defendants deny each and every allegation and request for damages in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

82.     Answering Paragraph 82 of Plaintiff's Complaint, Defendants deny the allegations and request for damages contained therein, which also constitute legal conclusions, lack foundation, are vague, and ambiguous.

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

## **COUNT II**

83.    Answering Paragraph 83 of Plaintiff's Complaint, Defendants incorporate by reference its responses set forth in paragraphs 1-82 above.

84.    Answering Paragraph 84 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

85.    Answering Paragraph 85 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.

86.    Answering Paragraph 86 of Plaintiff's Complaint, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendants.  To the extent that said paragraph is deemed to contain any affirmative allegations against Defendants, Defendants deny them.

87.    Answering Paragraph 87 of Plaintiff's Complaint, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendants.  To the extent that said paragraph is deemed to contain any affirmative allegations against Defendants, Defendants deny them.

88.    Paragraph 88 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendants deny same.

89.    Answering Paragraph 89 of Plaintiff's Complaint, Defendants deny each and every allegation in said paragraph.

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

90.     Answering Paragraph 90 of Plaintiff's Complaint, Defendants deny each and every allegation in said paragraph.

91.     Answering Paragraph 91 of Plaintiff's Complaint, Defendants lack sufficient information to admit or deny the allegations contained therein, which also constitute a legal conclusion, and therefore; Defendants deny the same at the present time.

92.     Answering Paragraph 92 of Plaintiff's Complaint, Defendants deny each and every allegation in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

93.     Answering Paragraph 93 of Plaintiff's Complaint, Defendants deny each and every allegation in said paragraph.

94.     Answering Paragraph 94 of Plaintiff's Complaint, Defendants deny the allegations contained therein.  Defendants further deny that Plaintiff is entitled to any damages whatsoever.

## COUNT III

95.     Answering Paragraph 95 of Plaintiff's Complaint, Defendants incorporate by reference its responses set forth in paragraphs 1-94 above.

96.     Paragraph 96 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendants deny same.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle

{00009727.DOC;1}

22

registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.* Therefore, Plaintiff cannot be classified as a "consumer" regarding the subject debt.

97. Answering Paragraph 97 of Plaintiff's Complaint, Defendants may be considered "debt collectors" as that term is defined in the FDCPA and the Rosenthal Act, however; Defendants deny that they acted as "debt collectors" in this case and on that basis deny the allegations in said paragraph, which constitute a legal conclusion, are vague, ambiguous, and lack foundation. Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

98. Answering Paragraph 98 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

99. Answering Paragraph 99 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation. Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

100.   Answering Paragraph 100 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

101.   Answering Paragraph 101 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

102.   Answering Paragraph 102 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

103.   Answering Paragraph 103 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

104.   Answering Paragraph 104 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.  Moreover, the subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.*

105.   Answering Paragraph 105 of Plaintiff's Complaint, Defendants lack sufficient information to admit or deny the allegations contained therein, which also constitute a legal conclusion, and therefore; Defendants deny the same at the present time.

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

106.   Answering Paragraph 106 of Plaintiff's Complaint, Defendants deny the allegations contained therein, which also constitute legal conclusions, lack foundation, are vague, and ambiguous.  Defendants further deny that Plaintiff is entitled to any damages whatsoever.

## COUNT IV

107.   Answering Paragraph 107 of Plaintiff's Complaint, Defendants incorporate by reference its responses set forth in paragraphs 1-106 above.

108.   Answering Paragraph 108 of Plaintiff's Complaint, Defendants may be considered "debt collectors" as that term is defined in the FDCPA and the Rosenthal Act, however; Defendants deny that they acted as "debt collectors" in this case and on that basis deny the allegations in said paragraph, which constitute a legal conclusion, are vague, ambiguous, and lack foundation.

109.   Paragraph 109 of Plaintiff's Complaint sets forth no factual allegations and calls for a legal conclusion to which no response is required and on this basis, Defendants deny same.

110.   Answering Paragraph 110 of Plaintiff's Complaint, Defendants deny the allegations in said paragraph.  The subject debt is a towing fee resulting from a Law Enforcement ordered impound for expired vehicle registration which is not a consumer debt as defined by the FDCPA. *Betts, supra; Gulley, supra.* Therefore, Plaintiff cannot be classified as a "consumer" with regard to the subject debt.

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

111.   Answering Paragraph 111 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

112.   Answering Paragraph 112 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

113.   Answering Paragraph 113 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

114.   Answering Paragraph 114 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

115.   Answering Paragraph 115 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

116.   Answering Paragraph 116 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

117.   Answering Paragraph 117 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

///

///

{00009727.DOC;1}

26

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

118.   Answering Paragraph 118 of Plaintiff's Complaint, Defendants lack sufficient information to admit or deny the allegations contained therein, which also constitute a legal conclusion, and therefore; Defendants deny the same at the present time.

119.   Answering Paragraph 119 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.

120.   Answering Paragraph 120 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein, which constitute legal conclusions, are vague, ambiguous, and lack foundation.   Defendants further deny that Plaintiff is entitled to any damages whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.   As a separate, affirmative defense, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.   As a separate, affirmative defense, Defendants allege that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statute of limitations.

///

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

## THIRD AFFIRMATIVE DEFENSE

3.     As a separate, affirmative defense, Defendants allege that their actions were proper and did not violate any statutes, including the provisions of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), or the Fair Credit Reporting Act ("FCRA").

## FOURTH AFFIRMATIVE DEFENSE

4.     As a separate, affirmative defense, Defendants allege that at all times mentioned in the Complaint, Defendants acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and the furtherance of a legitimate business purpose.

## FIFTH AFFIRMATIVE DEFENSE

5.     As a separate, affirmative defense, Defendants allege that they did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendants at all times acted in good faith.

## SIXTH AFFIRMATIVE DEFENSE

6.     As a separate, affirmative defense, Defendants allege that if Plaintiff was damaged in any sum or sums alleged, which Defendants deny, then Plaintiff's damages are limited by 15 U.S.C. §§ 1692k(a)(1), 1692k(a)(2)(A), 1692k(a)(3), 1692k(b)(1), 1681n and 1681o.

### SEVENTH AFFIRMATIVE DEFENSE

7.     As a separate, affirmative defense, Defendants alleges that Plaintiff has no private right of action under the Fair Credit Reporting Act.

### EIGHTH AFFIRMATIVE DEFENSE

8.     As a separate, affirmative defense, Defendants allege that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendants.

### NINTH AFFIRMATIVE DEFENSE

9.     As a separate, affirmative defense, Defendants allege that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff from Defendants must be diminished in the proportion that Plaintiff's own conduct contributed to the cause of her alleged injuries, losses or damages.

///

///

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

## ELEVENTH AFFIRMATIVE DEFENSE

11.    As a separate, affirmative defense, Defendants allege that, at all times alleged in the Complaint, maintained reasonable procedures created to prevent any violations of the FDCPA, the RFDCPA, the FCRA, and/or other statutes and that Defendants' conduct were reasonable thereby preventing any finding of negligent or intentional conduct under said Act and/or other statutes.

## TWELFTH AFFIRMATIVE DEFENSE

12.    As a separate, affirmative defense, Defendants allege that if it is assumed, arguendo, that Defendants violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendants deny, such violation was neither negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    As a separate, affirmative defense, Defendants allege, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendants, Plaintiff has failed to mitigate any such claimed damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    As a separate, affirmative defense, Defendants specifically incorporate by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arose in *BMW*

*v. Gore*, 517 U.S. 559 (1996), *Cooper Industries v. Leatherman Tool Group*, 532 U.S. 424 (2001) and *State Farm v. Campbell*, 538 U.S. 408 (2003).

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   As a separate, affirmative defense, Defendants allege that federal law preempts some or all of Plaintiff's claims and causes of action, and said claims and causes of action are therefore barred as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   As a separate, affirmative defense, Defendants allege that a pro per plaintiff cannot recover attorneys' fees under the Fair Credit Reporting Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   As a separate, affirmative defense, Defendants allege that if it is assumed, arguendo, that Defendants violated the FCRA by obtaining Plaintiff's credit report as alleged in Plaintiff's Complaint, which presupposition Defendants deny, Defendants possessed a permissible purpose pursuant to 15 U.S.C. § 1681b of the FCRA in obtaining Plaintiff's consumer report from a consumer reporting agency.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   As a separate, affirmative defense, Defendants allege that Plaintiff's Complaint fails to state a cause of action supporting punitive damages, and that the imposition of such damages would violate Defendant's constitutional rights to due process and equal protection.

## NINETEENTH AFFIRMATIVE DEFENSE

19.   As a separate, affirmative defense, a consumer is required to first dispute his or her credit report with the credit bureaus before there can be liability against a furnisher  *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).  *See also*, *Barnhill v. Bank of Am., N.A.*, 378 F. Supp. 2d 696, 703 (D.S.C. 2005)(noting that Congress expressly excluded consumer actions under the FCRA pursuant to §§ 1681n and 1681o for alleged violations of 15 U.S.C.A. § 1681s-2(a), such as when a consumer notifies the furnisher directly that the information the furnisher is providing is incorrect.)

## TWENTIETH AFFIRMATIVE DEFENSE

20.   As a separate, affirmative defense, Defendants allege that they reserve the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendants during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

DATED:  October 11, 2013          CARLSON & MESSER LLP


By: /s/ Tamar Gabriel
    Jeanne L. Zimmer
    Tamar Gabriel
    Attorneys for Defendants,
    AMERICAN CAPITAL ENTERPRISES,
    INC. and RONALD G. MATHESON

Answer to Complaint
Case No. ED CV 13-01586 VAP (SPx)

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **October 11, 2013**, I served the foregoing document(s) described as: **DEFENDANTS AMERICAN CAPITAL ENTERPRISES, INC. AND RONALD MATHESON'S ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**[X]**   **BY MAIL**:  I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP.  I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

**[]**   **BY ELECTRONIC MAIL**:
Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list).  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[]**   **PERSONAL SERVICE BY HAND**- I personally served document to address stated on POS Service List.

**[]**   **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the addressees.

**[]**   **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X]**   **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **11th** day of **October 2013** at  Los Angeles, California.

_Linda Brooks_
Linda Brooks

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>SERVICE LIST</u>
**<u>Deon Thomas v. American Capital Enterprise, Inc. ; Ronald G. Matheson</u>**
**<u>Our File No . 07652.00</u>**

Deon Thomas                                    **IN PRO SE**
14626 Red Gunn Street
Moreno Valley, CA 92555
Tele: (951) 413-9071
dthomas32@gmail.com

PROOF OF SERVICE